UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASUA BUIE,

                Plaintiff,

v.                                  Case No. 17-cv-0738-pp

MR. HAFFMAN,
J. HERNANDEZ,
K. MCKINZIE,
LT. MILIACCA,
ARAMARK COMPANY,
ANGELA,
MCKAYLA,
PRACILLA, and
MILWAUKEE COUNTY,

                Defendants.

# ORDER REQUIRING THE PLAINTIFF TO FILE HIS TRUST FUND ACCOUNT STATEMENT, ALLOWING HIM TO FILE A NON-PRISONER REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE FORM, AND DENYING MOTION FOR TEMPORARY INJUNCTION (DKT. NO. 6)

On May 25, 2017, the plaintiff filed this complaint; he was incarcerated at the Milwaukee County House of Corrections. Dkt. No. 1. Along with his complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee and a prisoner trust fund account statement. Dkt. Nos. 2, 3. Two months later, he filed a motion for a temporary injunction. Dkt. No. 6. Two days later, the clerk mailed the plaintiff a letter, advising him that the prison trust fund account statement he had submitted did not provide the information required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915(b), and

1

thus that the court could not calculate the initial partial filing fee. Dkt. No. 7. The letter asked the plaintiff to file his statement for the period February 2017 through July 2017. Id.

As of today's date, the plaintiff has not filed an updated trust fund account statement. On September 26, 2017, however, the court did receive a notice of change of address from the plaintiff; the new address appears to be a private residence, and thus it appears that the plaintiff has been released from the House of Corrections. Dkt. Entry dated Sept. 26, 2017.

I.  **Litigation Fees**

The question of whether a case is controlled by the PLRA for purposes of payment of an initial partial filing fee is determined by whether the litigant was incarcerated at the time he filed his complaint. See Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (holding that prisoner released after commencing appeal was subject to PLRA initial partial filing fee provision even if though litigant no longer had a prison trust fund account in light of his release). "Under the [PLRA], release does not eliminate an obligation that could and should have been met from the trust account while imprisonment continued." Id. at 899. If a plaintiff is released while his case is pending, however, he is eligible to file a motion to proceed *in forma pauperis*; if he qualifies for relief under 28 U.S.C. §1915(a), he would not have to pay the remainder of the initial partial filing fee. Id. at 898.

Because the plaintiff was incarcerated at the time he filed this case, he must provide the court with a copy of his trust fund account statement for the

2

the past six months (May 2017 through September 2017). If the plaintiff was not incarcerated for that entire time, he must provide the court with his final trust fund account statement, including balances and transactions for the months during that period that he was incarcerated. If the court is correct and the plaintiff no longer is in custody, he may complete the enclosed Non-Prisoner Request to Proceed in District Court without Prepaying the Filing Fee form and send it back to the court. The court will review it; if the court agrees that he qualifies, the court will waive the requirement that the plaintiff pay the remaining balance of the initial partial filing fee.

## II. Temporary Injunctive Relief

On July 24, 2017, the court received a motion from the plaintiff, asking the court either to require the defendants to provide him with meals that conform to his religious tenets or to order his transfer to a correctional facility capable of accommodating his religious-based dietary restrictions. The plaintiff's recent release from the Milwaukee County House of Corrections moots his motion for injunctive relief. See Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." (internal quotation marks omitted)).

The court **ORDERS** that, no later than the end of the day on **November 6, 2017**, the plaintiff must provide the court with a copy of his trust account statement for any months he was incarcerated between May 2017 and

September 2017. If the plaintiff fails to file a prison trust fund account statement *in time for the court to receive it by* **November 6, 2017**, the court will dismiss his case without prejudice for failure to prosecute. Civ. L.R. 41(c).

The court has enclosed a Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing fee form. If the plaintiff wishes the court to consider allowing him to proceed without prepaying the filing fee, he must complete the enclosed form and submit it *along with his prison trust fund account statement.*

The court **ORDERS** that the plaintiff's motion for a temporary injunction is **DENIED** as moot. Dkt. No. 6

Dated in Milwaukee, Wisconsin, this 10th day of October, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Court Judge**